## NORTH *against* FOREST.

A contract for the sale of shares in a joint stock corporation under the laws of this state, is a contract for the sale of "goods, wares and merchandise," within the 2nd section of our statute of frauds and perjuries. (29 *Car.* 2. *c.* 3. *s.* 17.)

A discharge from such a contract, is not a sufficient consideration to support a promise, by the releasee, to pay a sum of money.

Where *B*, the owner of such shares, agreed with *A*, that he, *B*, in consideration of *A*'s discharging *B* from his contract to sell such shares to *A* for the sum of 3000 dollars, promised to pay *A* one half of the excess of such sum as he *B* should sell said shares for, to a third person, over 3000 dollars, and *B* sold them to a third person, for 3200 dollars; in an action brought by *A* against *B* on such promise, it was held, that the contract was not exempted from the operation of the statute of frauds, on the ground of a part performance.

THIS was an action of *assumpsit*. The declaration, consisting of two or three counts, stated in one count, that on the 1st day of *October*, 1838, the defendant being the owner of shares in a joint stock corporation, transacting business in the town of *Torrington*, under the name of *Wadhams, Webster & Co.*, it was mutually agreed between him and the plaintiff, that the defendant should sell to the plaintiff, and that the plaintiff should purchase of the defendant, said shares in said corporation, for the sum of 3000 dollars, to be paid by the plaintiff, on the transfer thereof, which transfer, it was agreed, should be made within a reasonable time thereafter; that afterwards, *viz.* on the 15th of *October*, 1838, in consideration that the plaintiff, at the special instance and request of the defendant, discharged him, the defendant, from the performance of the above mentioned agreement, he, the defendant, undertook and faithfully promised the plaintiff to pay him the sum of 150 dollars, when he, the defendant, should be thereunto afterwards requested. A breach was then alleged in the usual form.

Another count, in other respects similar, stated, that the defendant undertook and faithfully promised the plaintiff to pay to him one half of the excess of such sum as he should sell his, the defendant's, interest in said joint stock corporation for, to some third person, over and above said sum of 3000 dollars, when he, the defendant, should be afterwards thereunto requested; and that the defendant, on the 15th of *November*, 1838, sold his interest in said joint stock corporation to a third person, *viz.* to *George D. Wadhams*, for the sum of 3200 dollars; whereby the defendant became liable to pay to the plaintiff, the sum of 100 dollars; and being so liable, &c.

The defendant pleaded, 1st, the general issue: 2dly, that neither of the promises or undertakings in the plaintiff's declaration mentioned, was ever reduced to writing; nor was any note or *memorandum* thereof made in writing and signed by the party to be charged therewith, or his agent, or by either of the parties, or by the agent of either of them; nor were any of said shares, goods, wares or merchandise thus claimed to have been bargained for, accepted or received by the plaintiff, or his agent; nor was any thing given or received, by either party, as earnest, to bind any or either of said bargains, or in part payment of said property thus bargained

*Litchfield,*<br>June, 1843.<br><br>North<br>*v.*<br>Forest.

*Litchfield,*
June, 1843.

North
*v.*
Forest.

for. To this plea the plaintiff demurred; and the case was thereupon reserved for the advice of this court.

*Seymour*, in support of the demurrer, contended, 1. That the stock, which was the subject of the contract, was not within the statute of frauds. In the first place, it was not within the 1st section, not being real estate; "all shares in banks, manufacturing and *other incorporated companies*," being expressly declared by statute, to be *personal estate.* *Stat.* 89. *tit.* 6. *c.* 2. *s.* 3. Secondly, it was not within the 2nd section, not being "goods, wares and merchandise," or either of them, within that section. Stock is a mere incorporeal right. All rules of common or statute law, which relate to personal property *in general*, attach to such stock; but rules relating especially to "goods, wares and merchandise," do not attach to the stock. The specification of this sort of personal property, does not extend to, but impliedly excludes, other descriptions. *Chitt. Con.* 387. *n.* *Garforth* v. *Bradley*, 2 *Ves.* 676. *Leigh* & al. v. *Bonner*, 1 *Esp. Ca.* 403. *Groves* v. *Buck*, 3 *Mau. & Selw.* 177.

2. That if the statute requires the sale of the stock to be in writing, yet this action is not brought, in any sense, upon *that* contract, or to enforce it. That contract is stated merely by way of inducement to shew the substitution of another contract, on which *latter* this suit is founded.

3. That the promise on which the action is founded, is a valid promise, resting on a sufficient consideration, *viz.* the discharge given by the plaintiff. The rule is, that *before breach* a parol dispensation of performance, is valid, even of contracts actually in writing, and required to be so, by the statute of frauds. *Com. Dig. tit.* Action upon the case upon Assumpsit. G. *Goman* v. *Salisbury*, 1 *Vern.* 240. *Goss* v. Lord *Nugent*, 5 *B. & Adol.* 58. (27 *E. C. L.* 33.)

4. That as the defendant has had the benefit of the waiver, and sold the stock to a third person in consequence of it, this is now the case of an *executed* contract, like *land sold.*

5. To the objection that if the contract of sale was not binding, the discharge from it constituted no consideration of a promise to pay money, it was replied, that the statute of frauds operates only on the *remedy*, and does not make the contract void, but voidable only; and that a discharge from

such voidable contract, is a sufficient consideration of a promise. *Chitt. Con.* 4. 16. 70. *Stark. Ev. pt.* 2. 613. 614. 606. *Laythoarp* v. *Bryant,* 2 *Bing. N. C.* 735. (29 *E. C. L.* 469.) *Allen* v. *Bennett,* 3 *Taun.* 170. *Ballard* v. *Walker,* 3 *Johns. Ca.* 60. *Egerton* v. *Mathews,* 6 *East* 607. A discharge from a doubtful liability, is a sufficient consideration for a promise. So is the removal of a cloud upon the title. Here, the discharge was in fact necessary to enable the defendant to make sale to a third person.

*Church,* (with whom was *Holabird*) contra, after remarking, that the statute of frauds is an important and beneficial statute, and that in modern times, the inclination of the courts, especially the *English* courts, is, to adhere to the words of the statute and give them full effect, contended, 1. That the contract for the sale of the stock was void, not being executed as the statute of frauds requires. This depends on the question whether the subject of that contract, *viz.* shares of stock in a joint stock corporation, were "goods, wares and merchandise," within the 2nd section of our statute. If this were an open question, there could not be much doubt about it ; as such shares are expressly declared by the statute, (*p.* 89. *ed.* 1838.) to be "personal estate ;" and does not personal estate comprise "goods," &c. ? But the point is settled, by a decision of the supreme court of a neighbouring state, in a case arising upon a contract for the sale of shares in a corporation established by our own laws. *Tisdale* v. *Harris,* 20 *Pick.* 9. The case is directly in point ; and it was decided, by judges, who were not elected at town meetings, and are not mere boys. It is an authority, which this court will *respect.*

2. That the contract being a nullity, the discharge furnished no consideration for the defendant's promise; and the plaintiff can sustain no action for its breach or non-performance. *Cook* v. *Bradley,* 7 *Conn. Rep.* 57.

WAITE, J. The object of the parties, in presenting the case in its present form, was, to obtain a decision upon two questions involved in the case:

1. Whether the contract for the sale of shares in a joint stock corporation, is within the statute of frauds.

2. If it be, whether the discharge from such contract, is a

sufficient consideration for the promises set forth in the declaration.

1. The provisions of our statute relating to the sale of goods of the value of thirty-five dollars and upwards, are the same as those in the *English* statute, upon the same subject. Although it was formerly doubted, by the *English* judges, whether a contract for the sale of shares in an incorporated company, fell within the provisions of their statute, yet now it seems, that the better opinion is, that it does. 3 *Stark. Ev.* 352. (6th ed.)

The question, however, has recently been brought before the supreme court of *Massachusetts*, and after a deliberate examination of the authorities, that court has decided, that such a contract falls within the statute. *Tisdale* v. *Harris*, 20 *Pick.* 9. That decision, in our opinion, is not only supported, by the greater weight of authorities, but is founded upon good sense. The corporation, respecting the stock of which the contract in that case was made, was situated in this state; and by the provisions of our statutes, the shares of such stock, are made personal property, and are to be disposed of as such. *Stat.* 89. *tit.* 6. *c.* 2. *s.* 3. (ed. 1838.)

In consequence of the great increase of incorporations, and the amount of capital invested in them, the stock of such companies has become a large and valuable portion of the personal estate of our citizens. Contracts for the sale of such property are almost daily made; and often to a very large amount.

Such contracts fall clearly within the mischiefs, which the legislature, by the statute, intended to remedy. There is as much danger of fraud and perjury, in the parol proof of such contracts, as in any other.

The statute is highly important and beneficial in its operations, and ought not to be narrowed, by any very rigid construction. *Howe* v. *Palmer*, 3 *B. & Adol.* 321. (5 *E. C. L.* 304.) And we think it no strained construction of its language to say, the contract in question falls within the letter, as well as within the spirit of the act.

2. If the contract is invalid, by the provisions of the statute, is the discharge from such contract a sufficient consideration for a parol promise? The language is, "that no contracts for the sale of any goods, wares, and merchandise, for

the price of thirty-five dollars or upwards, *shall be allowed to be good*, except the buyer accept part of the goods," &c. *Stat.* 299, 300. *tit.* 39. *s.* 2.

The contract, for the sale of the stock, by the terms of the statute, was of no validity between the parties. No action whatever could have been maintained against the defendant for any breach of that contract. Of what use, therefore, was a discharge ?

The law is well established, that to make a parol promise obligatory upon a party, it must be made upon a sufficient consideration. Such consideration may be either a benefit to the party promising, or a loss to the party to whom the promise is made. *Cook* v. *Bradley,* 7. *Conn. Rep.* 62.

In this case, what has the plaintiff lost, or the defendant gained, by the discharge ? The contract for the sale of the stock, was just as invalid and nugatory, before the discharge was given as afterwards. The plaintiff could not have enforced a fulfilment, nor the defendant have suffered for a violation.

But it is said, the defendant was under *a moral obligation* to fulfil the contract ; and that a discharge from such obligation is a sufficient consideration.

It is true, there are certain cases, where a moral obligation has been holden a sufficient consideration to support an express promise ; as where there has been an antecedent liability, which has been removed, by some subsequent events or proceedings—such as a debt barred by the statute of limitations, or discharged by a certificate of bankruptcy—a subsequent promise by the debtor to pay, may be enforced. So where one person has received the property of another, at his request, and appropriated it to his own use, but under such circumstances, that the law, for reasons of policy, will not subject him to pay for it, he may, nevertheless, make himself liable, by a subsequent express promise, made when those circumstances cease to exist ; as where goods have been sold to an infant, although his promise to pay for them, made during infancy, will not be enforced, yet it will be binding, if made after he becomes of age.

But it is now well settled, that a moral obligation is not, in every case, sufficient to uphold a parol promise. Thus, the obligation which a man is under to provide for a destitute father, is not sufficient to support a promise to pay for

*Litchfield,*
*June, 1843.*

North
*v.*
Forest.

necessaries previously furnished to such parent. *Cook* v. *Bradley,* 7 *Conn. Rep.* 57.

Nor will the promise of a woman, made after the death of her husband, to pay for necessaries furnished to her, while a *feme covert*, although, at the time, living apart from her husband, be legally binding upon her. *Littlefield* v. *Shee*, 2 *Barn. & Ald.* 811. (22 *E. C. L.* 187.) The moral obligation to pay, in such case, is not a sufficient consideration for her promise.

Now, in the case under consideration, there never was any *legal liability* resting upon the defendant to fulfil his contract for the purchase of the stock. Nor has he ever received any of the property of the plaintiff. The case, therefore, does not fall within principles recognised in the cases cited, where the moral obligation has been holden sufficient.

But it is further claimed, that here has been a part performance of the contract, by the sale of the stock. But we see no foundation for this claim. The defendant has indeed sold the stock; but this he could have done as well without any contract with the plaintiff, as with it. The contract made with the plaintiff was invalid, and did not prevent the defendant from treating the stock as his own, and selling it as such.

Our advice, therefore, is, that upon the facts stated in the declaration, and in the second plea of the defendant, the plaintiff is not entitled to recover.

In this opinion the other Judges concurred.

Judgment for defendant.