THOMAS F. DEVINE *vs.* HENRY O. WARNER.

First Judicial District, Hartford, October Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Where the validity of an oral agreement for the sale of goods depends upon whether the buyer accepted and actually received them, as required by the statute of frauds (Rev. 1902, § 1090), the trial court in its charge to the jury should be careful to distinguish in its

bearing, between the language and conduct of the parties in mak-
ing the contract, and their language and conduct which is claimed
to evidence an acceptance and receipt in fulfilment of the contract.
A meeting of minds upon a sale is one thing: an acceptance and
actual receipt of the property sold are quite different things; and a
charge from which the jury may reasonably draw the conclusion
that all that is required is a mental acceptance of the goods as a
subject-matter for a bargain, and not an acceptance of them as
goods purchased, is misleading and erroneous.

This distinction is especially important where, as in the present case,
the custody of the property remains in the vendor and there is no
outward change of possession attending or following the sale, and
the principal evidence of a change of legal possession is the lan-
guage of the vendee tending to show that the vendor's continuing
custody thereafter ceased to be that of owner and became solely
that of a bailee for the purchaser. Under these circumstances clear
and unequivocal instructions are demanded of the court.

Submitted on briefs Oct. 15th, 1902—decided Jan. 7th, 1903.

ACTION to recover damages for breach of contract, brought
to the District Court of Waterbury and tried to the jury be-
fore *Cowell, J.;* verdict and judgment for the plaintiff for
$590 damages, and appeal by the defendant for alleged errors
in the rulings and charge of the court. *Error and new trial
granted.*

The case is sufficiently stated in the opinion.

*John F. Addis, James Huntington* and *Arthur D. Warner,*
for the appellant (defendant).

*John O'Neill,* for the appellee (plaintiff).

PRENTICE, J. The plaintiff, as assignee of his brother,
John J. Devine, sues to recover damages for breach of an al-
leged contract for the sale of a lot of tobacco in the barns of
the assignor, who had raised it, and of the value of several
hundred dollars. The sale is claimed to have been made on
September 22d, 1899, when the tobacco was upon the poles.
It was then agreed between the parties that the tobacco was
to be allowed to remain in the barns until cured, and when
cured was to be stripped and placed in bundles weighing
forty pounds to the bundle, as the defendant preferred bales

of that weight, and when this was done, Devine was to notify the defendant. All of this was done.

No memorandum in writing of the sale was ever made and signed by the parties or their agents; no part payment of the purchase price or payment to bind the bargain was ever made; and there never was any acceptance and receipt of the the tobacco, or any portion of it, by the defendant, the vendee, unless it resulted from the acts and occurrences of November 28th, when the defendant visited the vendor's premises and sheds where the tobacco then was lying on the floors cured, stripped and baled. These acts and occurrences, as they are claimed by the plaintiff to have been proven were, in the language of the finding, as follows:—

"The defendant inspected and examined the tobacco and said to Devine, ' You have done your part well.' After inspecting said tobacco . . . the defendant said to Devine: ' I am going to load one or two cars with tobacco I have purchased here (Suffield), and if I can take this tobacco this trip, or in one of those cars this week, I shall do so; but if I do not take it away with me this time, I want you to pile it up into one or two piles, as it will keep better than if lying in a single tier; and if I do not take it this week and the weather should get damp, open up the buildings so that the tobacco will keep in good condition.' Devine replied, ' All right, I will do as you say.' The defendant loaded two cars of tobacco bought of other parties in Suffield, and took it away with him, but did not take or send for the tobacco at Devine's. At the end of that week Devine, as the defendant had directed, placed all the tobacco in two piles, and when the weather was damp opened up the barns in order to keep the tobacco in good condition."

The plaintiff, who sues for a breach of a contract of sale and purchase, was bound to establish a valid contract. Under the circumstances of the case, this involved not only showing a meeting of minds but a compliance with the requirements of the statute of frauds. This latter involved proof of the acceptance and actual receipt of part at least of the property. A meeting of minds upon a sale is one thing: ac-

ceptance and actual receipt of property sold are quite differ-
ent things.   The charge altogether fails to distinguish be-
tween them.   The question of receipt and acceptance was a
vital one to the defendant's case, and yet the jury were so
instructed that these prerequisites to the plaintiff's recovery
were largely lost sight of.   The court doubtless had in mind
the requirements of the statute, but it used language which
plainly indicated that the test was whether the negotiations
and acts of the parties were such that the title to the tobacco
passed to the vendee; and its constant use of the phrase
"completed transaction," without explanation of its mean-
ing as used, was unfortunate.   The instructions were ad-
dressed to laymen.   The court made the mistake of assuming
a knowledge on their part of legal distinctions and definitions
which is not usually found outside the legal profession, and
used language, therefore, which was most likely to be mis-
leading.   The charge contains no statement of the important
fact that there must have been an actual receipt of part of
the goods.   It is indeed said that there must have been an
acceptance, but the jury are nowhere told what the law under-
stands by acceptance.   As the term is not applied in connec-
tion with delivery or receipt, the jury might well have be-
lieved that all that was required was a mental acceptance of
the goods as subject-matter for a bargain, and not acceptance
of them as goods bought.

The language and conduct of the parties in making the
contract was not kept distinct in its bearing from that claimed
to evidence a receipt and acceptance in fulfilment of the con-
tract.   The general tenor of the charge was such that a lay-
man might well have drawn the conclusion therefrom, that
if the parties came to a final, definite and complete agreement
as to the terms of sale, that was enough.   If not, the language
of the court near the close of the charge must have removed
all doubt from the minds of the jury.   Here they were told:
" If you find from all the language of the parties that there
was such a meeting of the minds of the parties that the vendee
considered he had bought the tobacco and the vendor that he
had sold it, there was a sale of the tobacco and a constructive

delivery." These instructions were plainly erroneous. They wholly ignored the operation of the statute, and were of such a character as to be well-nigh conclusive against the defendant's contention.

In this case the custody of the property remained in the vendor. There was no outward change of possession attending or following the sale. There was no manual act of delivery of either property or symbol. The only evidence relied upon to establish a change of legal possession was that of the conduct of the vendee, which had its most distinct if not entire expression in language by which it was claimed to have been shown that the continuing custody of the vendor was no longer that of an owner, but solely that of a bailee for the vendee. The situation was, therefore, one of those delicate ones which demanded of the court clear and precise instructions. The circumstances of the case furnished no ground for a claim, and none was made, of an acceptance and receipt of a part of the tobacco. Either the whole or none had been accepted and received. The court was therefore justified in disregarding, as it did, the effect of an acceptance and receipt of a part; but it should have carefully guided the jury to a clear understanding of the other requirements of the statute. It should have told them that there were three distinct questions which they should ask of themselves, and from the evidence answer in the affirmative, before a verdict for the plaintiff could be rendered, to wit: (1) Was there an agreement of sale and purchase? (2) Did the seller, pursuant to the agreement, part with and the buyer receive the possession and control of the tobacco? (3) Did the buyer, either before or after this receipt, accept the tobacco as that purchased? With respect to the last two of these questions, the jury should have been told that the receipt of goods involves the taking possession of them, and that while it is true that there may be an acceptance and actual receipt of goods by the vendee pursuant to a sale, unaccompanied by a manual delivery or actual change of custody,—as in cases where the vendee is already in possession, or the vendor retains the custody as bailee of the vendee, thus assuming a new relation to

the goods—yet the law requires that the proof in such cases should be clear and unequivocal, and establish an actual change of the relation of the parties to the property.   Browne on Statute of Frauds (5th Ed.) § 320 ; Benjamin on Sales, § 145 ; 1 Mechem on Sales, §§ 375, 384 ; *Knight* v. *Munn*, 118 Mass. 143 ; *Michael* v. *Curtis*, 60 Conn. 363 ; *Lillywhite* v. *Devereux*, 15 M. & W. 285 ; *Prescott* v. *Locke*, 51 N. H. 94.

The jury should have been told that as a receipt implies a delivery, there must have been a delivery by the vendor and receipt by the vendee of the tobacco, with an intention on the part of the parties to vest in the vendee the possession and right of possession, and discharged of all lien for the price, and an actual acceptance by the vendee of the tobacco, at least as the goods purchased, if not as its owner by virtue of the purchase.   *Morton* v. *Tibbett*, 15 Q. B. 428 ; *Hinchman* v. *Lincoln*, 124 U. S. 38 ; *Safford* v. *McDonough*, 120 Mass. 290 ; *Marsh* v. *Rouse*, 44 N. Y. 643 ; *Bailey* v. *Ogden*, 3 Johns. 399 ; *Messer* v. *Woodman*, 22 N. H. 172, 182.   They should have been told that the statute requires something more, by way of proof of a receipt and acceptance, than mere words indicative merely of the parties' assent to the agreement of sale, and that it was not enough to satisfy the condition of receipt that the title to the tobacco had become vested in the purchaser.   1 Mechem on Sales, §§ 377, 383 ; *Crug* v. *Gorham*, 74 Conn. 541 ; *Meade* v. *Smith*, 16 id. 346.

These legal principles the defendant was entitled to have presented to the jury, together with such other pertinent observations as were required to disclose their application to the circumstances in evidence.   The failure of the court in both respects is apparent.

The defendant's first reason of appeal is to the effect that the court erred in holding that the plaintiff acquired any right or title in the subject-matter of the action by the assignment to him.   It does not appear that this claim was made below.   As the case, however, goes back for a retrial, we ought perhaps in fairness to make a few observations in anticipation of questions which may then arise.   The complaint alleges that the plaintiff is the assignee of the claim

sued upon, and its equitable and good faith owner. Upon the trial the plaintiff, in support of this allegation, offered in evidence the instrument of assignment. Apparently there was no other evidence bearing upon the question, and the jury found the allegation proved. While the instrument was informal and perhaps ambiguous, it can scarcely be said that, as a matter of law upon the evidence before them, the jury erred. In *Gaffney* v. *Tammany*, 72 Conn. 701, this court defined the status of an equitable and *bona fide* owner of a chose in action who might sue thereon. It is quite possible that the plaintiff does not, as respects the claim in question, satisfy the conditions. It cannot, however, be said that he does not, from the terms of the assignment alone.

There is error and a new trial is granted.

In this opinion the other judges concurred.