WILLIAM A. FRENCH v. STILLMAN C. WHITE.

May Term, 1905.

Present: TYLER, MUNSON, START, WATSON, HASELTON, and POWERS, JJ.

Opinion filed October 25, 1905.

*Pledge of Corporate Stock—How Made—Effect of Mere De-
livery of Certificate—V. S. 3689—Bankruptcy—Trustee's
Title—Suit by Attachment Only—Proceeding In Rem—
Effect of Judgment—Bankruptcy—Bankrupt's Property in
Custody of Bankruptcy Court—Attachment by State Court
—Effect—Audita Querela.*

At common law, the word "assignment," when used in reference to the
pledging of corporate stock, means a written transfer.

To constitute a valid pledge of corporate stock, either at common law
or under the requirements of V. S. 3689, besides the delivery of the
certificate, there must be a written transfer sufficient to pass the
title, and also a transfer on the books of the corporation, or power
of attorney to make such transfer.

When the maker thereof executed and delivered to defendant two prom-
issory notes, he merely "deposited" with defendant, as collateral
security, certain certificates of the corporate stock of a corporation
organized under the laws of this State, and later he was adjudged
a bankrupt, under the Federal Bankruptcy Act, and plaintiff was
appointed trustee in bankruptcy. *Held,* that, since there was no
written transfer of the corporate stock, there was no pledge thereof,
either at common law or under V. S. 3689, and so the question of
notice to the corporation is immaterial; and that, under the pro-
visions of said bankruptcy law, when plaintiff was appointed
trustee the title to said stock vested in him as of the date of the
commencement of said bankruptcy proceedings.

A suit against a non-resident of Vermont, instituted by merely attach-
ing his property in this State, with no service of process upon the
defendant, and no appearance by him, is, essentially, a proceeding
*in rem*, the only effect of which can be to subject the property
attached to the payment of the judgment obtained by the plaintiff;

and such judgment, however regularly obtained, is void as a personal judgment.

To give a court jurisdiction in a proceeding *in rem*, there must be a valid seizure and an actual control of the *res* under process therefrom.

Whenever property has been legally seized by an officer of a court, by virtue of its process, such property is in the custody and possession of that court for the time being; and no other court, unless it has superior jurisdiction in the premises, has a right to interfere with that custody and possession.

Property cannot be constructively, any more than actually, in two places at the same time.

Under the present Federal Bankruptcy Law, the filing of the petition is a *caveat* to all the world, and in effect an attachment and injunction; and when the petitioner is adjudged a bankrupt, the title to his property becomes vested in the trustee, with actual or constructive possession and placed in the custody of the court of bankruptcy; and it cannot be taken out of that custody by any process from a state court.

The defendant brought a suit in assumpsit in this State against a person who was then both a non-resident and in bankruptcy under the Federal Bankruptcy Law. Service was made by attachment only, with no service of process upon the bankrupt, and no appearance by him. Judgment by default was rendered in favor of the defendant,—the plaintiff therein—and execution issued. In *audita querela* by the trustee of said estate in bankruptcy to vacate said judgment and execution, *held*, that the state court had acquired no jurisdiction of the subject-matter of said suit in assumpsit; that the attempted attachment of said property and all subsequent proceedings in said suit are void; and that therefore there is no necessity for said action of *audita querela*.

AUDITA QUERELA by the trustee in bankruptcy of the bankrupt estate of Henry S. Mackay, to vacate a judgment, and execution issued thereon, rendered at the September Term, 1901, Washington County Court. Plea, the general issue. Trial by court at the September Term, 1904, Washington County, *Rowell*, J., presiding. Judgment that said judgment and execution be both set aside and held for nought,

and that the plaintiff recover his costs. The defendant excepted.

*Geo. W. Wing,* and *Gordon & Jackson* for the defendant.

A trustee cannot avail himself of *audita querela. Braynards* v. *Burpee,* 27 Vt. 616.

Attaching creditors cannot resort to *audita querela. Essex Mining Co.* v. *Bullard,* 43 Vt. 238. This action is personal. *Conn. & Pass. R. R.* v. *Bliss,* 24 Vt. 411.

*Hunton & Stickney* for the plaintiff.

The trustee has a right to attach the judgment against Mackay. *Conn. & Pass. River Co.* v. *Bliss,* 24 Vt. 411; *Gleason* v. *Peck,* 12 Vt. 56; *Onion* v. *Clark,* 18 Vt. 363; *Hammond, Assignee &c.* v. *Rice,* 18 Vt. 353; *Maris* v. *Duron,* 6 Pa. 327; *Ames* v. *Gilman,* 10 Met. 237; *Hemdon* v. *Howard,* 9 Wall. 664.

Upon an adjudication of bankruptcy, all the bankrupt's property passes to the trustee, who is an officer of the court of bankruptcy, and such property is thus in the custody of said court so that all creditors holding claims are affected by all its decrees. Collier, Bankruptcy, p. 15, 3rd ed.; *Markson* v. *Heaney,* 1 Dill. 497, Fed. Cas. 9098; 3 Chi. Leg. News, 153, 4 N. B. R. 510; *Paine* v. *Caldwell,* Fed. Cas. 10,674, N. B. R. 558; *Picquet* v. *Swan,* Fed. Cas. 11,134; 5 Mason 35; *Toland* v. *Sprague,* 12 Pet. 327; *Herndon* v. *Ridgeway,* 17 How. 424; *In Re Hirsch,* 2 N. B. R. 3, Fed. Cas. 6,529; 2 Ben. 493; *Jobbins* v. *Montague,* 6 N. B. R. 509, Fed. Cas. 7,330.

WATSON, J. On the 22d day of April, 1899, Henry S. Mackay was adjudged a bankrupt under the United States bankruptcy laws, before the District Court of the United

States, in the District of Massachusetts, and the plaintiff was appointed sole trustee of the bankrupt estate. At that time Mackay was the owner of two hundred twenty shares of the capital stock of the Vermont Granite Company, represented by two certificates issued to him, one numbered 25 for ninety shares and one numbered 26 for one hundred thirty shares. The Vermont Granite Company is a corporation organized under the laws of this State and has its principal office and place of business at the city of Barre. Mackay was the owner of this stock as early as in October, 1893, but how much earlier does not appear. After he became the owner of it, he gave to the defendant on the day of their date two promissory notes, one for $6,500 at one year's date with interest annually, and one for $4,500 at eight months' date, with like interest. At the time of the execution and delivery of these notes, Mackay "deposited" with the defendant the certificates of stock, the one for one hundred thirty shares as collateral security for the payment of the larger note, and the one for ninety shares as collateral security for the payment of the smaller note. The certificates were not assigned in writing nor otherwise than as above stated. Nor was any memorandum of transfer or deposit made on any books of the company. Neither Mackay nor the defendant ever gave, or procured to be given, any notice to the company that the certificates were so "deposited," but in October, 1893, the then treasurer and secretary of the company was incidentally told of it by a person who happened to know the fact. Stock in the company was and is transferable only on the books of the company by the holder or his attorney on the surrender of the certificate. The transfer of the certificates to the defendant was by delivery only. No assignment of them was made.

To render a transfer of shares of stock as collateral security valid against subsequent attaching creditors of the owner, under the statute, the transfer must be "by assignment and delivery," with notice to the clerk, cashier, or treasurer of the corporation, and a memorandum thereof made upon its stock ledger. V. S. 3689. Aside from the statute, without a written transfer of some kind sufficient to pass the legal title, with a transfer on the books of the corporation, or accompanied with power to make such a transfer, as well as a delivery of the certificate, there is no such delivery of the possession of the property as is essential to the validity of a pledge of corporate stock. Jones on Pledges, § 151, 152; See *Sampson* v. *Rouse,* 72 Vt. 422, 48 Atl. 666, and *White River Savings Bank* v. *Capital Savings Bank and Trust Co.* 77 Vt. 123. Thus under the well known rules of the common law, the word "assignment" used in connection with such pledges means a written transfer, and it must be understood in the statute above referred to in the same sense in which it is understood at common law. 9 Bac. Abr. (Bouvier ed.) 238.

Since there was no written transfer of the stock in question, there was no pledge either at common law or under the statute, and the question of notice to the corporation is immaterial. It follows that prior to the filing of the petition in the proceedings in bankruptcy the two hundred twenty shares of stock might have been levied upon and sold under judicial process against Mackay; and under the provisions of the bankrupt law, when the plaintiff was appointed trustee the title to this stock vested in him by relation at the date of the commencement of the proceedings. Bankruptcy Act of 1898, § 70; *In re Appel,* 103 Fed. 931, 4 Am. B. R. 722.

Some months after the title to the property was so vested in the trustee, the defendant sued out his writ of attachment

against the bankrupt returnable before the county court within and for the county of Washington in this State, therein commanding that the goods and chattels of the bankrupt be attached to the value of twenty thousand dollars. The action was general assumpsit and founded on the two promissory notes before described. The writ was in form served by attaching as the property of the bankrupt the said two hundred twenty shares of stock. The bankrupt was a non-resident of this State and at most was given only constructive notice of the suit and attachment. The trustee in bankruptcy was also a non-resident. Neither of them had any notice in fact or knowledge of the suit or any of the proceedings therein. An order for notice to the bankrupt by publication was made, but it is contended that the requirements of the statute in this respect were not complied with. In the view we take of the case before us, however, that question is immaterial and not further noticed. Judgment was rendered in the former case against the bankrupt by default for the sum of $17,698.12 and costs. Execution was issued, and the property attached was advertised for sale thereon. Pending the notice for sale the present suit was brought in the name of the trustee in bankruptcy to vacate the judgment and execution.

Since in that action there was no service of process upon the bankrupt and no appearance by him, the case was in its essential nature a proceeding *in rem* the only effect of which could be to subject the property attached to the payment of the debt found due to the plaintiff on which the action was founded. As a personal judgment, the judgment rendered was void. Indeed when regularly obtained, such a judgment is without any binding force except as to the property attached. *Woodruff* v. *Taylor,* 20 Vt. 65; *National Bank* v. *Peabody & Co.* 55 Vt. 492.

At the time of the commencement of the former case, could the property in question be attached by process from the state court?· This is an important question and if held in the negative, one that is decisive of the present case. In *Mueller v. Nugent,* 184 U. S. 1, 46 L. ed. 405, the Court, speaking through Mr. Chief Justice Fuller, said: "It is as true of the present law as it was of that of 1867, that the filing of the petition is a *caveat* to all the world, and in effect an attachment and injunction (*Internation Bank v. Sherman,* 101 U. S. 407, 25 L. ed. 867), and on adjudication title to the bankrupt's property became vested in the trustee (Sec. 70, 21c) with actual or constructive possession, and placed in the custody of the bankruptcy court."

Since the stock in question, as a part of the bankrupt estate was in the custody of the Federal Court, it could not be taken out of that custody by any process from a state court. Property cannot be constructively, any more than actually, in two places at the same time. To give a court jurisdiction in a proceeding *in rem,* there must be a valid seizure and an actual control of the *res* under the process therefrom. The attempt to seize the property by attachment was a nullity and gave the state court no jurisdiction over it. In *Stoughton* v. *Mott,* 13 Vt. 175, the action was trespass for taking and carrying away the plaintiff's sloop, and a quantity of military stores, arms, &c. After a trial was had on the general issue resulting in a verdict for the plaintiff, the suit was dismissed on defendant's motion for want of jurisdiction, and on exception thereto, the case was heard in this Court. It appeared that the defendant, an officer of the United States, seized and was holding the sloop and arms and munitions of war under an Act of Congress, as intended to be employed by the owners thereof in carrying on military operations within the Province of

Lower Canada, a country with which the United States was at peace. Royce, J., delivered the opinion of the Court: "If the action is of a character which necessarily goes to devest the possession, under the seizure, it cannot be sustained. Such was the case of *Slocum* v. *Mayberry*, (2 Wheat.) being replevin, which could not be instituted to effect, without retaking the property from the seizing officer. But if the action is an ordinary one, seeking merely to recover damages, there would seem to be nothing in principle to forbid the pendency of both suits at the same time." The doctrine there laid down is a principle thoroughly established in law. In *Buck* v. *Colbath*, 3 Wall. 334, 18 L. ed. 257, the Court, speaking through Mr. Justice Miller, said it is "a principle which is essential to the dignity and just authority of every court, and to the comity which should regulate the relations between all courts of concurrent jurisdiction. That principle is, that whenever property has been seized by an officer of the court, by virtue of its process, the property is to be considered as in the custody of the court and under its control for the time being; and that no other court has a right to interfere with that possession, unless it be some court which may have a direct supervisory control over the court whose process has first taken possession, or some superior jurisdiction in the premises." See also *Taylor* v. *Carryl*, 20 How. 583, 15 L. ed. 1028; *Covell* v. *Heyman*, 111 U. S. 176, 28 L. ed. 390; *White* v. *Schloerb*, 178 U. S. 542, 44 L. ed. 1183.

It follows that the state court acquired no jurisdiction of the *res* in the former case and that the attempted attachment of the property and all subsequent proceedings in that action are void. This being so, the property is not affected thereby, and there is no necessity for this action of *audita querela* to vacate the judgment and execution.

The question whether such an action can be maintained in the name of a trustee in bankruptcy in any circumstances where the judgment sought to be vacated was rendered against the bankrupt, is not considered.

*Judgment reversed and judgment for defendant to recover his costs.*