The shares of stock which the plaintiff owned in the DeNunzio Company, Incorporated, gave him the right to share in the management of the corporation, in the profits when declared as dividends, and in the assets of the corporation upon dissolution. Until dissolution he had no legal title to any part of the property of the corporation. The shares of stock were personal property, being a chose in action. Worth
v. Forest, 15 Conn. 400. The contract for the sale of the plaintiff's stock to the defendants was within the statute of frauds, since it was a chose in action and its consideration exceeded $100. The contract was enforceable if (a) the defendants accepted a part of the stock and actually received it, or (b) gave something in earnest to bind the contract, or in part payment, or (c) some note or memorandum in writing of the contract or sale was signed by the defendants or their agents in that behalf. Sales Act, Public Acts of 1907, Chap. 212, § 4. Nothing was given to bind the bargain or in part payment, and no note or memorandum of the contract or sale was made.
This action, therefore, cannot be maintained, unless the circumstances of the case show an acceptance by the defendants of a part of the stock and an actual receipt of the same by them. Devine v. Warner,75 Conn. 375, 377, 53 A. 782. The defendants will be deemed to have accepted the stock if it appears that they accepted it, or if the stock has been delivered to them and they did any act in relation to it which was inconsistent with the ownership of the plaintiff seller; Public Acts of 1907, Chap. 212, p. 777, § 48; and the acceptance may be before or after the receipt. An actual *Page 346 
receipt would necessarily imply and hence require a delivery by the plaintiff and a receipt by the defendants of the stock with an intention on the part of the parties to vest in the defendants the possession and right of possession to this stock. So that two questions were present: (1) Did the plaintiff part with and the defendants receive the possession and control of the stock? (2) Did the defendants, either before or after the receipt, accept the stock as that purchased? Devine v.Warner, 75 Conn. 375, 379, 53 A. 782. "Mere words indicative merely of the parties' assent to the agreement of sale" will not prove either an acceptance or a receipt. Devine v. Warner, supra, 380; Hinchman v.Lincoln, 124 U.S. 38, 8 Sup. Ct. 369.
There was no delivery of the certificate of stock to the defendants, and no receipt by them of the certificate of stock. The trial court held that "the acceptance and use by the defendants of the entire assets of the corporation of which they and the plaintiff were the sole stockholders, with the mutual intention of thereby transferring the interest of the plaintiff to themselves, constituted a sufficient performance of the contract of sale to satisfy the statute of frauds, notwithstanding the fact that the shares of stock were, by the request of the defendants, retained in the plaintiff's safe and were never signed over or delivered to the defendants." The court thus held that these circumstances constituted the acceptance and actual receipt required by the statute.
We think this conclusion erroneous. A completed legal transfer of stock requires (1) an assignment and delivery of the certificate to the transferee; (2) a delivery of the stock to the corporation issuing it, a notation upon the books of the corporation of the transfer, and a delivery to the transferee of a new certificate of stock in the place of the old. Reed v. Copeland, *Page 347 50 Conn. 472, 488. The equitable title to stock may be vested in the transferee upon delivery to and acceptance by him of the certificate of stock, with intent to transfer it to him, and with or without a power to transfer. Such a transfer we hold good between the parties, upon the theory that the delivery of the certificate, which is the muniment of title, is a symbolical delivery of the stock. Reed v. Copeland, 50 Conn. 472,488; Winslow v. Fletcher, 53 Conn. 390, 398;French v. White (78 Vt. 89, 62 A. 35), 2 L.R.A. (N.S.) 804 note. We recognize, also, that there may be a constructive delivery and acceptance, unaccompanied by a manual delivery or actual change of custody, resulting from acts and conduct from dealing with goods when there has been a change in the relation of the parties to the goods. Devine v. Warner, 75 Conn. 375,380, 53 A. 782; Garfield v. Paris, 93 U.S. 557; 49 Amer. Dec. note 329, 334. The same principle applies to the transfer of a chose in action. The proof of a constructive delivery and acceptance must be clear and unequivocal. The instances for the application of this principle to the transfer of stock will be infrequent compared to those with reference to goods. Evidence of payment by the corporation of a dividend to the transferee and his acceptance of it, would tend strongly to prove a constructive delivery and acceptance of a transfer of stock. Both acceptance and receipt, and therefore delivery, may be inferred from the attendant circumstances. However good as a transfer of stock between the parties the symbolical or constructive acceptance and receipt may be, it will not affect the rights of creditors or purchasers without notice.
In this case the defendants never had possession of the certificate of stock, which remained in the hands of the transferor, the plaintiff. It was never assigned to them, nor was a power of attorney to transfer delivered *Page 348 
to them or made out. The corporation never lost its control of its assets; this continued until its bankruptcy. The plaintiff as an officer and stockholder never had possession of any of the assets of the corporation in his own right. His possession as an officer and stockholder was that of the corporation. As an individual he never had any corporate assets which he could turn over to the defendants, and no right to the possession of any which he could give to them. The capital stock of a corporation represents its assets, dedicated primarily to the uses of the corporation and the payment of its debts, and secondarily, upon dissolution and after payment of its debts, to its shareholders on a pro rata distribution. The plaintiff did not give the defendants possession of any assets of the corporation, for he had no control of, or title to, these, which he could transfer; and the defendants never obtained any use of assets transferred to them by the plaintiff, as the trial court assumes as the basis of its conclusion. Their relation to the assets was that of officers and stockholders acting for the corporation, and that relation before this contract of sale was identical with that after its making. Properly analyzed, the finding goes no further than to present a case of "mere words indicative merely of the parties' assent to the agreement of sale"; and we have held that mere words will not constitute an acceptance and receipt sufficient to satisfy the statute of frauds.
We find one instance where the reasoning of the trial court has been adopted by a court of last resort. Ford
v. Howgate, 106 Me. 517, 522, 76 A. 939. That case is distinguishable from this, in that no certificate of stock had ever been issued. Aside from that, we cannot concur with the Maine court that the transferee could have done nothing more significant to show his ownership of the stock interest than to enter into the *Page 349 
management of the corporation as an owner. Suppose thereafter the transferor had assigned his stock to a purchaser in good faith, and he had presented his certificate to the corporation for transfer. What was there about the fact of the management of the corporation by the first purchaser which would have charged the last purchaser with notice of it, or of the first purchaser's existence? It is important to corporate management that transfers of stock be made in an orderly manner. An observance of the requirements of the statute of frauds as interpreted by our court, will accomplish this desirable end. It is as essential that a transfer of stock should be supported by written evidence as a transfer of goods. Williston on Sales, § 67.
 There is error; the judgment is reversed, and the cause remanded to the Court of Common Pleas in Fairfield County with direction to render judgment for the defendants to recover their costs.
In this opinion the other judges concurred.