### MASSENGALE *v.* HODGSON *et al.*

GEORGE, J. St. Elmo Massengale, of Fulton county, owner of two shares of stock in the Athens Coca-Cola Bottling Company, a corporation, of Clarke county, agreed to sell said stock to George T. Hodgson, using the trade name of Geo. T. Hodgson & Co., under the following option: "Atlanta, Ga., July 3, 1914. Messrs. Geo. T. Hodgson & Co., 923 Candler Building, Atlanta, Ga. Dear Sirs: I will give you one week's option on my two (2) shares of Athens Coca-Cola Bottling Co. stock, at the following price and conditions: price five thousand dollars in full, to be paid for as follows: Forty-five hundred dollars cash and your note for five hundred dollars, payable on December 1st, 1914, without interest. The stock to be delivered immediately upon settlement as above. Yours truly, St. Elmo Massengale." George T. Hodgson accepted the offer according to its terms, by paying to St. Elmo Massengale $4500 in money, and by executing and delivering to him his promissory note for $500 due December 1, 1914, without interest, and the said Massengale contemporaneously therewith delivered to the said George T. Hodgson the stock certificate, but failed to indorse the same. The certificate named St. Elmo Massengale as the owner of two shares of stock, and recited that said shares were "transferable only on the books of the corporation by the holder thereof in person or by attorney, upon the surrender of this certificate properly indorsed." George T. Hodgson sold the said two shares of stock to J. M. Hodgson, of Clarke county, for the sum of $5000 cash, the said J. M. Hodgson taking the same without notice or knowledge of any claim or right, if any existed, "between said George T. Hodgson and St. Elmo Massengale." Thereafter, the note for $500 having matured, St. Elmo Massengale sued out a purchase-money attachment in the municipal court of Atlanta against George T. Hodgson, on the ground that the said Hodgson was then a non-resident of the State, and caused the attachment to be levied by W. E. Jackson, sheriff of Clarke county, on the two shares of stock in question. A dividend in the sum of $800 had accrued upon said stock and was in the hands of the corporation, and upon demand made by J. M. Hodgson the corporation refused to pay the same to him, although he was the equitable transferee of the

7

two shares of stock. The corporation likewise refused to recognize J. M. Hodgson as the owner of the stock, to issue to him a new certificate of stock, and to accord to him the rights and privileges of a stockholder in the corporation. Alleging the foregoing, J. M. Hodgson filed an equitable petition in Clarke superior court, against the corporation, its president, its secretary and treasurer and general manager, also of Clarke county, Jackson (the sheriff), George T. Hodgson, who was alleged to be at that time a resident of Clarke county, and St. Elmo Massengale. He prayed, that the corporation be required to accept from him the certificate to said shares of stock and to issue to him a new certificate of stock for said shares; that he recover the accrued dividends on said stock; that he be given a judgment and decree against Massengale, George T. Hodgson, and the corporation, "declaring the right, title, and interest of said stock to be in the said J. M. Hodgson;" that Massengale and the sheriff be enjoined from further proceeding with the attachment sued out by Massengale against George T. Hodgson; and that the corporation and its officers be enjoined from paying over to said St. Elmo Massengale the dividends that had accrued on said stock since the sale thereof to George T. Hodgson, and any future dividends that might accrue upon said stock; and for general relief. To the petition St. Elmo Massengale demurred upon the following grounds: (1) the petition set forth no cause of action, either legal or equitable; (2) plaintiff does not offer to do equity by paying the $500 with interest which is still due and owing this defendant on account of the sale of said stock; (3) the title to said shares of stock is vested in this defendant, he never having assigned or transferred the stock certificate; (4) the plaintiff has an adequate and complete remedy at law; and (5) under the allegations and prayers of the petition, the plaintiff is not entitled to maintain this suit against the defendant, a non-resident of the county. *Held:*

1. The petition set forth a cause of action, and there was, under the allegations thereof, no obligation resting upon the plaintiff to pay or offer to pay the note of $500 with interest thereon.

2. The transaction between the defendant and George T. Hodgson constituted a sale of the two shares of stock, and the equitable title thereto, under the allegations of the petition, passed into plaintiff when he purchased the same from George T. Hodgson for value and without notice or knowledge of the equities, if any, of the defendant.

3. Plaintiff is without an adequate and complete remedy at law, and the allegations of the petition, if true, entitle the plaintiff to the substantial relief prayed against the corporation, a resident of Clarke county. There was no error in overruling the demurrer. See generally: Civil Code, §§ 2219, 3646; *Thornton* v. *Martin,* 116 *Ga.* 115 (1), 118 (42 S. E. 348); *Grice* v. *Haskins,* 73 *Ga.* 700 (1 *a*); Com. *v.* Compton, 137 Pa. 138 (20 Atl. 417); French *v.* White, 78 Vt. 89 (62 Atl. 35, 2 L. R. A. (N. S.) 807, 6 Ann. Cas. 479); Gilkinson *v.* Third Avenue Co., 47 App. Div. 472 (63 N. Y. Supp. 792); Burnsville Turnp. Co. *v.* State, 119 Ind. 382 (3 L. R. A. 265, 20 N. E. 421).

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

No. 567. MAY 15, 1918.

Equitable petition. Before Judge West (of the city court of Athens). Clarke superior court. August 2, 1917.

*Erwin, Rucker & Erwin* and *Owens Johnson,* for plaintiff in error. *John B. Gamble* and *T. S. Mell,* contra.