LOUIS J. FORD *vs.* FRANK HOWGATE.

York.　Opinion May 31, 1910.

*Statute of Frauds.　Instructions.　Part Performance of Contract.　Corporations. Sales of Stock.　Revised Statutes, chapter 113, section 4.*

In a suit for the price of corporate stock, instructions that the sale gave the defendant an equitable right to have the stock delivered to him, and that if he took possession under the trade the contract was executed and not within the statute of frauds, were not improper, as not sufficiently distinguishing between plaintiff's intangible rights as stockholder and the corporation's ownership of the physical property, nor as making assumption of possession of the corporation's property ipso facto an actual acceptance and receipt of the stock.

Proof of acts respecting the subject matter of a contract of sale, concurrent with or subsequent to its making, showing delivery by the seller and acceptance by the buyer, with intent to give the buyer right of possession as owner, or conduct of the buyer consistent only with his ownership, shows sufficient execution to take the contract outside the statute of frauds, requiring certain contracts of sale to be evidenced by writing unless the buyer receives part of the goods or makes part payment.

Delivery and acceptance of goods sold, taking the contract outside of the statute of frauds may be inferred from attendant circumstances.

A contract to sell corporate stock was taken outside the statute of frauds by the buyer entering upon the management of the corporate business as an owner.

An entire contract to sell corporate stock and an interest in an automobile was taken outside the statute of frauds by acceptance of the automobile by the buyer.

A seller of corporate stock need not procure issuance of a certificate of the shares to the buyer, nor procure a certificate to himself and transfer or tender it to the buyer.

On exceptions by defendant.    Overruled.

Assumpsit to recover the sum of $1000 for a "7-15 interest in the Crystal Spring Water Company and one half interest in Ford runabout automobile of 1907" alleged to have been sold by the plaintiff to the defendant.    Plea, the general issue with brief statement as follows:

"That if defendant did make any promise, the alleged contract was for the sale of goods, wares and merchandise and void under the statute of frauds.

"That if defendant did promise said promise was induced by the fraud and misrepresentation of plaintiff."

The verdict was for the plaintiff.    The defendant excepted to certain rulings made by the presiding Justice during the trial.

The case is stated in the opinion.

*Natt T. Abbott,* for plaintiff.

*George W. Hanson,* for defendant.

SITTING:   EMERY, C. J., PEABODY, SPEAR, CORNISH, KING, BIRD, JJ.

KING, J.   This case is before the Law Court on defendant's exceptions to certain instructions to the jury.

The plaintiff was one of the incorporators of the Crystal Spring Water Company, a corporation, and as such was the owner of seven shares of its capital stock.    Seven other shares were owned by Mr. Wentworth, and the remaining share by Mr. Abbott.    These three persons were the officers and directors of the corporation.    No certificates of stock had been issued.    The plaintiff and Mr. Wentworth owned an automobile used by them for pleasure, and also used in

and about the business of the corporation. The plaintiff claimed that he and defendant made an agreement whereby the defendant purchased of him his interest in the corporation, and his interest in the automobile, for the gross sum of $1000. No writing was made, no money paid, and no certificate of the seven shares of stock was tendered or demanded. But the plaintiff introduced evidence that after the contract was made the defendant went into the company's shop and there assisted in the business of the corporation for about ten days, and while there used the automobile. This evidence was introduced for the purpose of showing, as claimed by plaintiff, that the defendant had taken possession of the interest in the business of the corporation, and of the automobile, as an owner under his alleged purchase. The defendant claimed that he only agreed to purchase plaintiff's interest in the business provided he found it as represented, and he denied that he took possession of the business under the alleged sale, and claimed that he went into the shop only to assist Mr. Wentworth, at his request, and also for the purpose of examining into the business affairs of the corporation to ascertain if they were as represented by the plaintiff. He further denied that the plaintiff's interest in the automobile was included in the proposed sale.

It was urged, among other defenses, (1) that the alleged agreement was void under the statute of frauds, and (2) that the plaintiff could not recover without delivery or tender to the defendant of a certificate of the shares of stock.

Section 4 of c. 113, R. S., commonly known as the statute of frauds, provides: "No contract for the sale of goods, wares or merchandise, for thirty dollars or more, shall be valid, unless the purchaser accepts and receives part of the goods, or gives something in earnest to bind the bargain, or in part payment thereof, or some note or memorandum thereof is made and signed by the party to be charged thereby, or by his agent."

The plaintiff did not contend at the trial that the subject matter of the contract of sale, comprising, as he claimed, his ownership of the shares of stock in the corporation and his interest in the automobile, was not "goods, wares or merchandise" within the meaning

of the statute of frauds. Such claim, if made, would have been without support in reason or authority. *Pray* v. *Mitchell*, 60 Maine, 430.

But it was the plaintiff's theory that although the oral contract of sale was within the terms of the statute, nevertheless it had been taken out of the operation and effect of the statute by reason of a compliance with the provisions of the exception that if "the purchaser accepts and receives a part of the goods" the contract is valid and enforceable. Upon this branch of the case the presiding Justice instructed the jury : "that although all the right which Mr. Ford had in the business was his shares, it being a corporation, nevertheless, it was a corporation in which he was acting as men do with their own property, and he and Mr. Wentworth had been operating it. It was a business, and the sale of the interest in the business gave Mr. Howgate an equitable right to have the stock delivered to him. And if he went into possession of the business under the trade which he claims, and took part in it as owner, it was an executed contract. It was all done, nothing to be done except to pay. And when a contract has been executed and completed-finished, and the parties have gone into the business, carrying it out, then the statute of frauds does not apply." In respect to the effect of an acceptance and receipt of the automobile by defendant, as claimed by the plaintiff, the presiding Justice said : "And the plaintiff claims in this case that the automobile was physically accepted, that is, the defendant Howgate took it into his possession, not into his sole possession, because it was only an undivided interest in an automobile that he bought anyway,— but that he took it and used it as one of the owners. If he did, then that would be an acceptance of it, and an acceptance of a part of the whole thing that was furnished,— interest in the business and automobile, and that would take it out of the statute of frauds also. So that upon the plaintiff's theory that the defendant made the trade and went into the execution of it by taking the business, or taking his part of the business, the statute of frauds does not apply."

Summarizing his instructions as to the statute of frauds as a defense the Justice said : "and it comes back, so far as those legal defenses

are concerned, to the proposition which I stated earlier, that if the trade was made as the plaintiff claims, that the interest in the business and the half interest in the automobile were sold at an agreed price of a thousand dollars, and the defendant, Howgate, entered into the possession of the business with the other man, running it as an owner, carrying it on as contemplated by the contract, and took the automobile in the same way, then he must pay what he agreed, so far as any evidence in this case is concerned."

The defendant contends in support of his exceptions, that the instructions given did not sufficiently distinguish the plaintiff's interest in the business, being only an intangible right of ownership in the shares of stock in the corporation, from an ownership in the physical property of the corporation, and for this reason the jury were permitted to conclude, and naturally did conclude, that if the defendant went into possession of the business of the corporation with Mr. Wentworth he thereby physically accepted and received the plaintiff's "interest in the business," which was the subject of the sale, and thereby the exception in the statute was necessarily complied with.

We do not think the instructions are open to that objection. The theory on which they were given is, that because the plaintiff's interest in the business was only the intangible right of ownership of the shares of stock, for which no certificate had ever been issued, the contract of sale gave the defendant all and the same right to the ownership of those shares which the plaintiff before had, no act on the part of the plaintiff remaining to be done, and if the defendant, on his part, accepted that contract, and used and enjoyed the privileges and benefits it was intended to afford him, then the contract became executed, and for that reason the statute of frauds was not applicable to it.

The language of the instructions does not express the meaning that the defendant's act in taking possession of the tangible property of the corporation was ipso facto an actual acceptance and receipt of the thing sold; but on the other hand the meaning is clearly expressed, that if the defendant "entered into the possession of the business with the other man, running it as *an owner*, carrying it on

*as contemplated ·by the contract,"* such act on the part of the defendant was evidence, and sufficient evidence, that he had accepted the contract as completed, and entered upon the enjoyment of the fruits of it. Or, in other words, the jury were instructed in effect that if they found the facts to be as the plaintiff claimed, they would be authorized to draw from those facts the conclusion that the defendant had been placed in possession and enjoyment of the thing sold,—the ownership of the shares of stock in the corporation,—and he, on his part, had accepted and received it as owner of it. We think the instructions given were not erroneous, but appropriate and applicable to this phase of the case.

In the valuable note to *Shindler* v. *Houston,* (1 N. Y. 261) 49 Am. Dec. 316, Note 325-340, will be found an able discussion, and painstaking collection of authorities, relating to the provision of the statute of frauds as to the acceptance and receipt of a part of the goods by the vendee. See also the extended note, on the same subject, following the report of *Devine* v. *Warner,* 75 Conn. 375, in 96 Am. St. R. 211, Note 215-229.

Although there is much conflict and controversy to be noted in the vast number of judicial decisions touching the meaning and application of this exception in the statute of frauds, yet we think the decisions will be found substantially harmonious in support of the rule, that when it appears from evidence, in addition to that which establishes the contract itself, that something was done with respect to the subject matter of the contract, either concurrent with or subsequent to it, which unequivocally indicates that there was a delivery by the vendor, with an intention of vesting the right of possession of the subject matter of the sale in the vendee as owner, and an acceptance and receipt of the same by the latter, with an intent thereby to become the owner thereof, then the contract is so far executed that the statute of frauds does not apply to it.

"If the vendee does any act to the goods of wrong, if he is not the owner of the goods, and of right, if he is the owner of the goods, the doing of that act is evidence that he has accepted them." Erie J., in *Parker* v. *Wallis,* 5 El. & Bl. 21. Both delivery and acceptance may be inferred as conclusions from the attendant cir-

cumstances. *Leonard* v. *Medford,* 85 Md. 666, 37 Atl. 365. If the vendee does some act that is only reconcilable with the fact that he is owner of the subject matter of the sale, such act is evidence that he has accepted the sale and it is no longer executory.

In the case at bar the subject matter of the sale, so far as it included the plaintiff's ownership of the unissued shares of stock in the corporation, was incapable of any manual tradition, and for that reason no act remained for the plaintiff to perform to execute the contract. And what more significant act could the defendant have done to evidence his ownership of the shares, and to show that the contract was executed, than to enter into the management of the business of the corporation as an owner? Assume, as an illustration, that the defendant, after the sale, had accepted and received a dividend apportioned to the shares, would not that act be evidence sufficient to show that the contract of. sale of the shares to him was no longer executory? If the defendant did "enter into possession of the business with the other man, running it as owner, carrying it on as contemplated by the contract," such acts are irreconcilable with any other conclusion than that he had become the owner of the shares, and that the contract of sale was executed, nothing remaining to be done under it except for him to pay the purchase price.

All that has been said applies with added force to that part of the instructions relating to the acceptance and receipt of the interest in the automobile. That interest was capable of a manual delivery and receipt. It was a part of the property included in the one entire contract of sale. Acceptance and receipt of it took the whole contract out of the statute. In *Weeks* v. *Crie,* 94 Maine, page 463, it is said: "It is unquestionably the law, in such case, that an acceptance and receipt of a part of the articles purchased, or all of one class of the articles purchased, necessarily takes the whole contract out of the statute."

As to the other claim of defendant, that the plaintiff should have procured and delivered or tendered to him a certificate of the shares, the learned Justice instructed the jury that that was not a necessary act on the part of the plaintiff to entitle him to recover. This

instruction was correct. The plaintiff sold his ownership of the stock, which carried with it the right to have a certificate issued to the purchaser, no certificate having been issued up to that time. By virtue of the contract of sale the defendant acquired the right, which the plaintiff before had, to have a certificate of the stock issued to him by the corporation. It was not the duty of the plaintiff, and not included in the terms of the contract, that he should procure from the corporation a certificate of the shares to himself and transfer that to defendant, or that he should procure a certificate to be issued to the defendant.

Finding no error in the instructions, the entry must be,

*Exceptions overruled.*