RALPH C. WHEELER *vs.* FREDERICK A. BARNES.

Second Judicial District, Norwich, October Term, 1923.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, JS.

A conclusion of the trial court drawn from subordinate facts, must be challenged, if at all, as one of law, and assigned as error in the reasons of appeal. The attempt to obtain its correction as though it were a finding of fact, is not only improper, but involves a useless expense in the printing of evidence.

An oral contract to sell a chose in action of the value of $100 or upward is within the statute of frauds, § 6131.

In the present case the parties, who between them owned the entire capital stock of a local creamery corporation for which no stock certificates had ever been issued, agreed orally, the plaintiff to sell and the defendant to buy the former's three-quarter interest in the corporation; the agreement provided that the plaintiff, who was the treasurer and general manager of the company, should cancel his claim of $1,800 against the corporation for milk and cream sold to it, should receive $600 in cash from its funds, and that the defendant should at his convenience and within a reasonable time thereafter pay to the plaintiff a further sum of $200, all of which, with the exception of the $200 payment now sought to be recovered, were carried into effect. *Held* that the statute of frauds applied to the subject-matter of the sale, but that its requirements had been satisfied inasmuch as the cancellation of the plaintiff's claim and the appropriation by the plaintiff of the $600 from the corporate funds, with the authorization of the defendant, operated as a "giving of something in part payment" of the purchase price, and thus rendered the oral contract enforceable under the terms of the statute.

A certificate of stock is not essential to render one who has paid his subscription to the corporation a stockholder; and without such a certificate he may still sell his interest in the corporation.

Parties to such a sale cannot, by an oral agreement between themselves, dispense with the requirements of the statute of frauds.

Argued October 16th—decided December 13th, 1923.

ACTION to recover money alleged to be due from the defendant for a sale to him of the plaintiff's interest in a creamery corporation, pursuant to an oral contract

between them, brought to and tried by the Court of. Common Pleas in New London County, *Waller, J.;* facts found and judgment rendered for the plaintiff for $231, and appeal by the defendant. *No error.*

The finding discloses these facts: The parties and two other persons organized and incorporated The Mystic Valley Creamery Company in 1916, each subscribing and paying for one fourth of the capital stock. Before January, 1920, the plaintiff acquired the interest of two of the original subscribers and thereby became owner of three fourths of the capital stock; the defendant continued to be an owner of one fourth of the capital stock. The corporation never issued any certificates of stock. From 1918 the plaintiff held the office of secretary and treasurer of the company and had general charge of its business until sometime in February, 1920, and from 1918 the defendant was its president. Both parties knew that all stock subscriptions had been paid and that no certificates of stock had ever been issued, and the defendant knew that the plaintiff owned a three fourths interest in the capital stock of the corporation.

. The corporation was indebted to the plaintiff for milk, cream and other products furnished to it up to January 1st, 1920, in the sum of $1,800.

About January 15th, 1920, the plaintiff and defendant entered into an oral contract of sale whereby the plaintiff sold to the defendant and the defendant purchased from the plaintiff all of the plaintiff's three-fourths interest in said corporation upon the following terms:—

(a) The cancellation of the corporation's indebtedness of $1,800 to the plaintiff upon the payment of $600 from the funds of the corporation to the plaintiff, which payment the defendant authorized the plaintiff to make. (b) The payment of $200 by

the defendant to the plaintiff to be made within a reasonable time at the convenience of the defendant.

About February 7th, 1920, the plaintiff, as treasurer and manager of said corporation, in accordance with the contract of sale to the defendant, paid to himself the sum of $600 from the funds of said corporation, and received this sum in cancellation of his claim of $1,800 against the corporation.

At the time the contract of sale was entered into, the corporation owned and posssessed as assets, accounts receivable amounting to about $500, various articles of personal property, and cash on deposit with the Mystic River National Bank. The corporate records were, at the direction of the defendant, delivered by the plaintiff to an attorney of the defendant. The defendant under the contract of sale on or about February 7th, 1920, took over the control of all of the assets of the corporation and thereafter exercised all the rights and privileges of a sole owner of all the capital stock of the corporation. At the time of the purchase and sale of the plaintiff's interest it was understood between the parties that the defendant was going to terminate the corporation and carry on its business as an individual. At the time of the purchase and sale of the plaintiff's interest in the corporation, the defendant knew that the plaintiff's interest was such as entitled him to three fourths of the capital stock of the corporation, but that the plaintiff did not have any certificate or certificates representing such interest. The defendant never tendered $200 to the plaintiff and demanded certificates of stock, and the plaintiff has not delivered or tendered any certificates of stock to the defendant. At the time this action was begun a reasonable time within which the defendant should have paid the $200 had passed.

*C. Hadlai Hull,* for the appellant (defendant).

*Arthur T. Keefe,* for the appellee (plaintiff).

CURTIS, J. The defendant seeks in his appeal a correction of the finding under the method provided in General Statutes, § 5832, which involved the printing of the entire evidence. He moves that paragraph eighteen of the finding be stricken out. An examination of the evidence discloses that paragraph eighteen is an inference from matters in evidence which could reasonably have been drawn.

The motion also asks that the conclusion of the court from the subordinate facts found, stated in paragraph one of part two of the finding, be stricken out. This is an improper method of attacking a conclusion of the court drawn from subordinate facts. Such a conclusion can only be attacked as an error in law. *Palumbo* v. *Fuller Co.,* 99 Conn. 353, 122 Atl. 63. In seeking the correction of a finding, parties should observe the suggestions made by us in *Hartford-Connecticut Trust Co.* v. *Cambell,* 97 Conn. 251, 116 Atl. 239, and thereby frequently obviate cumbering the record with the entire evidence at great expense to litigants.

The parties were at issue as to whether a valid sale of the plaintiff's interest in the corporation had been made, the defendant claiming that since the interest of the plaintiff was a "chose in action of the value of one hundred dollars or upwards," the contract to sell his interest was not enforceable by action because barred by the statute of frauds. General Statutes, § 6131; *DeNunzio* v. *DeNunzio,* 90 Conn. 342, 97 Atl. 323.

There was no controversy that the transaction constituted a sale of a chose in action, and was therefore within the terms of the statute. There was no note or

memorandum in writing of the contract of sale signed by the defendant or his agent. The plaintiff claimed that under the facts, the requirements of the statute had been otherwise satisfied. The assets of the corporation were in the hands of the plaintiff as secretary, treasurer and general manager of the company at the time the contract was made, and were thereafter turned over by him to the defendant, the president of the corporation. This was not such an acceptance and actual receipt of a "part of the goods or choses in action" contracted for, as satisfied the statute. The situation presented is almost identical with that dealt with in *DeNunzio* v. *DeNunzio, supra.* In that case we held that the turning over of the assets of a corporation by the vendor of an interest in a corporation, to another owner of an interest in the corporation, was not such a delivery of the whole or part of the interest of the vendor in the corporation sold as to satisfy the statute. The fact that no stock certificate had been issued to the plaintiff does not make such a delivery of assets of the corporation an actual or constructive delivery of a part or the whole of the chose in action claimed to have been sold. *DeNunzio* v. *DeNunzio, supra.* "A certificate of stock is not necessary to render one a stockholder in a corporation. . . . Every stockholder has a right to a proper certificate as soon as he has paid for his shares, unless there is some provision or agreement to the contrary." Fletcher, Cyclopedia Corporations, Vol. 5, § 3483. A stockholder in a corporation who has not received the evidence of his ownership in the shape of a certificate, may sell his interest to another without procuring and delivering or tendering a certificate, subject, however, to the requirements of the statute of frauds, if the value of the interest makes it applicable. *Ford* v. *Howgate,* 106 Me. 517, 76 Atl. 939.

The requirements of the statute were satisfied, however, in this case by a part-payment of the consideration for the contract to sell. The consideration for the contract to sell by the plaintiff was the agreement by the defendant to pay $200 within a reasonable time, and his authorization of the plaintiff as general manager, secretary and treasurer of the company to pay $600 from the funds of the company to himself in settlement of a valid claim for $1,800 which he held against the company for milk, cream, and products sold to it. This authorization by the defendant was of value to himself, since it diminished the liabilities of the company whose sole stockowner he was about to become, and the plaintiff deemed it of value to himself as it gave him $600 cash for a claim that had an indefinite collectible value. As general manager of the company he had authority to pay or compromise debts owed by it. Fletcher, Cyclopedia Corporations, Vol. 3, § 2130, § 2131. Although he had this authority, the plaintiff did not desire to compromise his own claim of $1,800 even for $600, without the consent of the only other owner of an interest in the corporation. As to the adequacy of consideration, see Anson on Contracts (Huffcut Ed.) p. 102.

In accord with the contract of sale and the authorization of the defendant, the plaintiff (vendor) as treasurer of the corporation paid himself $600 from the corporation funds, and canceled his claim of $1,800 against the company. This executed-part of the contract of sale was a "part-payment" which, under the statute, makes the contract enforceable.

In the "Law of Sales—Waite," when dealing with the subject of a part-payment under the statute of frauds, the author, on p. 276, states the law as follows: "Payment is construed to cover the goods, services, or any other thing which forms the *quid pro quo* for the

title." Since a contract of sale where the consideration promised by the vendee is something other than money is within the statute, it would be anomalous to hold that when a portion of the consideration from the vendee had been executed, that the requirement of the statute as to a part-payment had not been satisfied. See also Williston on Contracts, Vol. 1, § 565; *Davis* v. *Carnegie Steel Co.*, 157 C. C. A. 281, 244 Fed. 931, 935.

We hold therefore, that on the facts found, the "buyer" in this case "gave something . . . in part payment" on the contract, in the language of the statute, and that therefore, the statute does not bar a recovery.

The fact set forth in paragraph eighteen of the finding, to the effect that the parties agreed "that the transfer into the custody and control of the defendant of all of the assets of the corporation and the exercise of dominion over them by the defendant did constitute a transfer to the defendant of the plaintiff's three-fourths interest in said corporation," cannot be held to satisfy the requirements of the statute.

The parties cannot by agreement dictate to the courts what facts shall satisfy the requirements of the statute.

There is no error.

In this opinion the other judges concurred.