MAINE POTATO GROWERS, INC.
*vs.*
H. SACKS AND SONS

Aroostook.　Opinion, November 10, 1956.

*George V. Blanchard,*
*Floyd L. Harding,* for plaintiff.

*James P. Archibald,*
*Aaron A. Putnam,* for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, TAPLEY, JJ., MURRAY, A. R. J.

WEBBER, J. In this case we have before us a bill of exceptions in which it is first recited that a finding for the plaintiff by a single justice below was erroneous as a matter of law on the evidence presented. Nothing further appears to inform us of the nature of the alleged legal error. The exception is too general and cannot be considered. *Heath et al., Applts. From Decree,* 146 Me. 229, 233. Moreover, the report of the evidence is not made part of the bill of exceptions. The bill must be strong enough to stand alone. *Bradford* v. *Davis,* 143 Me. 124, 128; *Jones* v. *Jones,* 101 Me. 447. The first exception presents no issue for determination here.

The second exception is expressly waived and is not before us.

The third and last exception deals with the admission in evidence of a teletype message. The bill of exceptions fails to state the contents of the message, assigns no reason for error and indicates no basis of prejudice or harm to the excepting party. This exception has no merit.

As is often our custom where decision rests on purely technical grounds, we have carefully examined the report of the evidence (which has been made available to us although not incorporated in the bill of exceptions) in order to satisfy ourselves that no manifest injustice results from our decision. There is ample evidence of an oral contract made by a buyer and a seller for the sale of ten cars of potatoes of specified type at an agreed price. Delivery was to be made on buyer's request during February, 1953. The sale was consummated by a broker who acted for both buyer and seller. *Green & Bennett* v. *McCormack,* 83 N. H. 509, 144 A. 853. Agreement to the terms of sale was obtained from the seller by the broker by means of teletype, and from the buyer by the broker by telephone conversation. The

terms of the sale were confirmed by written memorandum sent by the broker to both buyer and seller. Pursuant to the oral contract, the buyer requested delivery of four cars and paid for them at contract price. The buyer subsequently requested extension of subsequent delivery dates to March, 1953, which request was granted by the seller and the contract modified to that extent. In March, however, the buyer repudiated the contract and refused to perform further. The seller, after due notice to the buyer, then sold the remaining six cars at the market and began action to recover his loss. The justice below properly treated the oral contract as single and entire and found that the Statute of Frauds was satisfied by delivery of and payment for the four cars accepted. *Weeks* v. *Crie,* 94 Me. 458, 463; *Ford* v. *Howgate,* 106 Me. 517, 523; R. S. 1954, Chap. 185, Sec. 4, Subsec. I. It is manifest that exceptions in proper form to raise legal issues would not have availed the defendant buyer.

The entry will be,

*Exceptions overruled.*