ALEXANDER, J.,
with whom MEAD, J., joins, dissenting.
[¶ 20] The Court’s opinion competently discusses the principles of law incident to resolution of a matter on summary judgment. However, in suggesting that the claims by the Estate create a dispute as to material fact that what happened here only constituted “preliminary negotiations” and not a final sale and transfer of ownership, the Court minimizes undisputed facts that establish, as a matter of law, that the transaction at issue here was a final sale and transfer of ownership. By minimizing the undisputed facts, the Court alters our law of sales, abandons certainty and finality essential to economic decision-making, and invites after-the-fact speculations that would open finality of sales to litigation. From this alteration of basic sales law, I respectfully dissent.
[¶ 21] In this case, there is no dispute that, regarding the 1990 Ford truck displayed for sale, there was (1) an offer to buy for a set price, (2) acceptance of that offer, (3) payment of the consideration,[12] (4) presentation of a written bill of sale memorializing the sale, (5) transfer of possession from seller to buyer, and (6) buyer’s removal of the vehicle from the premises. At that point, under our law as it had existed until today, title to and ownership of the truck passed to the buyer. And that transfer of title and ownership cannot be changed by later speculation about the significance, if any, of the seller leaving his registration plates and insurance card with the truck.
[¶ 22] As we held decades ago:
Under the law applicable to the sale of goods, title passes from the seller to the buyer “at the time and place at which the seller completes his performance with reference to the physical delivery of the goods.”
[[Image here]]
Upon completion of delivery, the seller no longer had any ownership or right to possession unless there was a “rejection or other refusal by the buyer to receive or retain the goods.”
Bell v. Red Ball Potato Co., Inc., 430 A.2d 835, 837 (Me.1981).
[¶ 23] While the goods at issue in Bell were potatoes, the same observations apply to the sale of a truck whether from a dealer or a private sale, when, as here, the sale and delivery to the buyer is documented and completed without reservation.
[¶ 24] Today, Maine sales law is largely governed by the Uniform Commercial Code (UCC), found in Title 11 of the Maine Revised Statutes. Pursuant to the UCC, a “‘sale’ consists in the passing of title from the seller to the buyer for a *740 price.” 11 M.R.S. § 2-106(1) (2013). The UCC further specifies that:
Unless otherwise explicitly agreed, title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods, despite any reservation of a security interest and even though a document of title is to be delivered at a different time or place.
11 M.R.S. § 2-401(2) (2013).
[¶ 25] Here there is no evidence that the buyer and seller “explicitly agreed” that title would pass at any time other than the physical delivery of the truck, and the passage of title and ownership at that time was memorialized by the bill of sale that included no reservations. The seller’s leaving his registration plates and insurance card with the truck, even if he intended that the buyer have them until the buyer registered and insured the vehicle, was not a reservation that, under Maine law, in any way limited the finality of the sale and transfer of ownership of the vehicle.
[¶ 26] The fact that the UCC may not apply to the private sale at issue here, although it would apply to an identical sale by an auto dealer, makes no difference for the governing principles of law. For the law regarding sales, we have held that while the UCC may be a bit more liberal in determining that some transactions do constitute sales, the UCC “did not displace the basic common law requirement of contract law that the parties must have intended to conclude a binding agreement and that a promise must be supported by consideration.” Zamore v. Whitten, 395 A.2d 435, 443 (Me.1978), oveiruled on other grounds by Bahre v. Pearl, 595 A.2d 1027, 1035 (Me.1991).
[¶ 27] Applying the common law requirements of sales law a century ago to the sale of a one-half interest in a 1907 Ford, we determined in Ford v. Howgate that an oral agreement to purchase the plaintiffs interest in a corporation and his interest in the 1907 Ford for the gross sum of $1,000 was enforceable — there against a statute of frauds claim — although “[n]o writing was made, no money paid, and no certificate of the seven shares of stock was tendered or demanded.” 106 Me. 517, 519, 76 A. 939 (1910). We held that the sale was complete and enforceable because, after the agreement was made, “the defendant went into the company’s shop and there assisted in the business of the corporation for about ten days, and while there used the automobile.” Id. We held that these actions signified acceptance and receipt of the articles purchased to make the oral agreement enforceable. Id. at 523, 76 A. 939.
[¶ 28] This case involves many more attributes of a contract of sale, enforceable at common law, than existed in Ford. Beyond acceptance and receipt of the truck, a writing, the bill of sale, was made; money was paid; and the buyer took immediate possession of the truck and thereafter used it as his own. If the Maine law governing sales applies as it has in the past, the buyer became the owner of the truck and the seller had no further interest in the truck upon the buyer’s taking possession at the seller’s premises. Creative efforts to undermine the finality of the sale by suggesting speculative facts, such as whether the seller left his registration plates and certificate of insurance with the vehicle, to somehow qualify the finality of the sale can make no difference to the ownership issue if the integrity of our law of sales is to be respected and maintained. I would affirm the trial court’s judgment.

. A sale is complete upon transfer of possession, even upon partial payment of consideration. See 11 M.R.S. § 2-401(2) (2013); see also Ford v. Howgate, 106 Me. 517, 523, 76 A. 939 (1910) (sale complete upon buyer's use of article even if no payment made).